UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00619-GNS-DW

MICHELE A. BRIGGS                                                                                        PLAINTIFF

v.

LSM PROPERTIES OF
KENTUCKY, LLC                                                                                            DEFENDANT

## **MEMORDANUM OPINION & ORDER**

This matter is before the Court upon Plaintiff's Motion to Remand and for Costs (DN 7) and Defendant's Motion to Dismiss (DN 10), which are ripe for adjudication. For the reasons discussed below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion is **DENIED AS MOOT**.

### I.     **BACKGROUND**

This is a personal injury case. Plaintiff Michele Briggs ("Briggs") filed this action in Jefferson Circuit Court alleging that Defendant LSM Properties of Kentucky, LLC ("LSM") failed to adequately maintain an access ramp on one of its properties, which caused her injury. (Notice of Removal Ex. 1, at 2-6, DN 1-1 [hereinafter Compl.]). Her allegations can be briefly summarized as follows: On September 2, 2015, Briggs went to an LSM property to purchase a cellphone from LSM's lessee, the Sprint Store. (Compl. ¶ 9). After conducting her business in the store, Briggs, who uses a wheelchair for mobility, exited and proceeded down the concrete access ramp that connects the store's entrance to the parking lot. (Compl. ¶ 11). There was a considerable gap between the bottom of the access ramp and the pavement of the parking lot.

1

(Compl. ¶ 12). As Briggs moved down the ramp, her wheelchair stalled in the gap, resulting in her being ejected from the wheelchair and causing her injury. (Compl. ¶¶ 13, 21). The Complaint forwards two theories of recovery: negligence and negligence per se. (Compl. ¶¶ 17-18). Brigg's negligence per se theory is based upon KRS 198B.260, which adopts the Americans with Disabilities Act of 1991, 42 U.S.C. §§ 12101-12213, ("ADA") and its guidelines. (Compl. ¶ 18; Pl.'s Mem. Supp. Mot. Remand & Costs 2, DN 7-1).

Defendant removed this case from state court under 28 U.S.C. § 1441. (Notice of Removal 1, DN 1). Defendants contend that "[t]his court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 because Plaintiff's Complaint alleges violations of the [ADA] . . . ." (Notice of Removal 2).[1] Subsequently, Briggs filed a motion to remand this action to Jefferson Circuit Court under 28 U.S.C. § 1447(c). (Pl.'s Mot. Remand & Costs, DN 7).

## II. DISCUSSION

Removal of an action from state court to federal court is proper when the plaintiff could have brought the action in federal court originally. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."). Unlike state trial courts, federal district courts are courts of limited jurisdiction; they hold only that power authorized by statute and the U.S. Constitution and statute. *Gunn v. Minton*, 133 S. Ct. 1059, 1964 (2013) (citation omitted). Under 28 U.S.C. § 1331, district courts have original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States." *Id.* Moreover, "[t]he party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (citations omitted). "[B]ecause lack of

---

[1] LSM fails to discuss upon what basis the Court could exercise jurisdiction over Briggs' traditional negligence claim.

jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* at 549-50 (alteration in original) (internal quotation marks omitted) (citation omitted).

Familiar to this analysis is the well-pleaded complaint rule which directs courts to examine the "[w]ell pleaded allegations of the complaint and ignore potential defenses" in determining whether a claim arises under federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal quotation marks omitted); *see also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("Under our longstanding interpretation of the current statutory scheme, the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" (citation omitted)). Within the confines of the well-pleaded complaint rule, there are two paths to federal court under Section 1331: (1) federal claims, i.e., cases where federal law creates the cause of action; and (2) state causes of action that implicate "significant federal issues." *Eastman*, 438 F.3d at 550; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983).

The first path is simple and covers the "vast majority of cases that come within the district courts' original jurisdiction . . . ." *Franchise Tax Bd.*, 463 U.S. at 9. A cause of action is created by federal law where federal law provides a right to relief. *Eastman*, 438 F.3d at 550. The second path, which is known as the "substantial-federal-question doctrine," is more complicated. The Supreme Court has found that "a case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Merrell Dow Pharms.*, 478 U.S. at 808-09 (quoting *Franchise Tax Bd.*, 463 U.S. at 9). That

being said, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* at 813. The substantial-federal-question doctrine confers jurisdiction only if the following elements are met: (1) the state-law claim necessarily raises a disputed federal issue; (2) the federal interest in the issue is substantial; and (3) the exercise of jurisdiction does not disturb any congressionally approved balance of federal and state judicial responsibilities. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007) (citing *Grable & Sons*, 545 U.S. at 313).

The first path does not lead LSM to federal court because Briggs is not suing LSM under the ADA. Title III of the ADA is the only title under which Briggs could bring an ADA claim.[2] It is well settled that Title III does not provide a private cause of action for monetary damages. *See, e.g.*, *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999) (recognizing that Title III enforcement statute, 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), does not include money damages); *see also Ajuluchuku v. Yum! Brand, Inc.*, No. 3:05CV-826-H, 2006 U.S. Dist. LEXIS 34301, at *4 (W.D. Ky. May 23, 2006) (citations omitted). Briggs seeks only monetary damages from LSM and thus cannot be bringing suit under Title III.

Neither does the second path lead LSM to federal court. As to the first element of the substantial-federal-question test, Briggs apparently concedes that her negligence per se theory necessarily raises a federal issue that is actually disputed, but the Court is not convinced. The doctrine of negligence per se allows a plaintiff to substitute the general standard of care with a

---

[2] Title I is inapplicable because this is not an employment case; Title II is inapplicable because LSM is not a state or local government entity. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001) ("[T]he ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." (internal footnotes omitted) (footnote omitted)).

statutory standard of care, *Lewis v. B & R Corp.*, 56 S.W.3d 432, 438 (Ky. App. 2001), if: "the plaintiff comes within the class of persons intended to be protected by the statute [alleged to have been violated] . . .[;] [t]he statute [is] specifically intended to prevent the type of occurrence that took place . . . [;] [and] the violation [of the statute] [is] a substantial factor in causing the result." *McCarty v. Covol Fuels No. 2, LLC*, 476 S.W.3d 224, 227-28 (Ky. 2015) (internal quotation marks omitted) (citations omitted). Briggs alleges negligence per se based on LSM's alleged violation of KRS 198B.260. KRS 198B.260 in relevant part provides:

> (1) The [department] . . . shall promulgate administrative regulations . . . applicable to all new and altered buildings which shall establish requirements for making all buildings accessible to and usable by persons with a disability . . . .
> (2) The administrative regulations promulgated by the department shall be consistent with the Federal 1991 Americans with Disabilities Act and the American Disabilities Act Guidelines.

KRS 198B.260(1)-(2). KRS 198B.260(2) adopts the ADA and makes it part of Kentucky law. *See Conley v. Nikken*, No. 2002-CA-001849-MR, 2004 Ky. App. Unpub. LEXIS 740, at *5 (May 7, 2004) (explaining that the plaintiff alleged "negligence per se on the basis that [the defendant] violated the ADA by failing to remove the architectural barrier which caused her injury . . . in violation of the ADA as adopted in Kentucky by KRS 198B.260(2)." (citations omitted)); *see also Smith*, 167 F.3d at 293 ("A state can incorporate requirements of federal law into its law . . ."). As a result, Briggs references the ADA in the Complaint merely to establish negligence per se through KRS 198B.260.[3]

---

[3] Indeed, without KRS 198B.260(2), Briggs could not borrow requirements from the ADA as the applicable standard of care under the doctrine of negligence per se because, under Kentucky law, the doctrine is limited to Kentucky statutes. *Gonzalez v. City of Owensboro*, No. 4:14CV-49-JHM, 2015 U.S. Dist. LEXIS 99287, at *27 (W.D. Ky. July 29, 2015) ("[N]egligence per se does not apply beyond Kentucky's statutes." (citing *Young v. Carran*, 289 S.W.3d 586, 589 (Ky. App. 2008))).

Even if a disputed federal issue were raised, the federal interest in it would not be substantial. In *Merrell Dow*, the Supreme Court held:

> [A] complaint alleging violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private federal cause of action for the violation, does not state a claim "arising under the Constitution, laws or treaties of the United States."

*Merrell Dow Pharms.*, 478 U.S. at 817 (quoting 28 U.S.C. § 1331). While *Merrell Dow* involved a state law negligence claim premised upon a drug manufacturer's violation of the labeling provisions of the Federal Food, Drug, and Cosmetic Act, courts in other jurisdictions have applied the reasoning of that opinion to state claims premised on alleged violations of the ADA. In *Wagner v. Regent Investments, Inc.*, 903 F. Supp. 966 (E.D. Va. 1995), the court relied upon *Merrell Dow* in remanding claims for negligence and negligence per se premised on alleged ADA violations. *Id.* at 970-71. The court explained that while the ADA, unlike the federal statute at issue in *Merrell Dow*, provides for a private right of action, Title III of the ADA does not provide for the recovery of damages, thus indicating "Congress' . . . intent that reference to ADA provisions in a state court action for damages is 'insufficiently substantial' to confer federal question jurisdiction over the claim." *Id.* at 970; *see also Coil v. Recovery Mgmt., Corp.*, No. 05-0151-CV-W-DW, 2005 U.S. Dist. LEXIS 45770, at *5-6 (W.D. Mo. May 16, 2005) (granting motion to remand negligence and negligence per se claims based on alleged ADA violations); *Struffolino v. McCoy*, No. 04-cv-137-SM, 2005 U.S. Dist. LEXIS 14158, at *8 (D.N.H. July 14, 2005); *McWeeney v. Mo. Historical Soc'y*, No. 4:071423, 2007 U.S. Dist. LEXIS 81915, at *2-3 (E.D. Mo. Nov. 5, 2007) (collecting cases and noting the only circuits to have examined this issue—the Eleventh and Ninth—found federal question jurisdiction lacking). *But see Grodi v. Mandalay Resort Grp., Inc.*, No. 2:03CV112-D-A, 2003 U.S. Dist. LEXIS

27780, at *9-10 (N.D. Miss. Aug 4. 2003) (denying motion to remand negligence and negligence per se claims premised on alleged ADA violations).[4]

The Court finds persuasive the reasoning of the many cases holding that negligence per se claims premised on ADA violations are insufficient to confer federal question jurisdiction. Briggs' use of the ADA to establish negligence per se does not present a federal question sufficient to establish subject matter jurisdiction. LSM has failed to demonstrate that the Court has original jurisdiction; therefore, remand is required.

Briggs also seeks costs and attorneys' fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may requirement payment of just costs and any actual expenses, including attorney fees, incurred as result of the removal." 28 U.S.C. § 1447(c). "This language places an award of costs and attorney fees . . . squarely within the discretion of the district court, but subject to the guidance set forth by the Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-37 (2005)." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). "Absent unusual circumstances, the Supreme Court instructs that fee awards are appropriate 'only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (internal quotation marks omitted) (quoting *Martin*, 546 U.S. at 141). The Sixth Circuit "has similarly instructed that 'an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was "fairly supportable," or where there has not been at least some finding of fault with the defendant's decision to remove.'" *Id.* at 1059-60 (internal quotation marks omitted) (quoting *Bartholomew v. Town of Collierville*, 409 F.3d 684, 686 (6th Cir. 2005)).

---

[4] The Court finds the holding of *Grodi* to be inapposite. *Grodi* did not analyze *Merrell Dow*, which this Court believes is controlling. Regardless, this case is distinguishable from *Grodi* because Briggs' negligence per se theory is premised on a state statute that incorporates the requirements of the ADA.

While the Court finds LSM's decision to remove this case and its arguments in opposition to Briggs' motion to remand to be without merit, as indicated above, there is one federal court that has retained jurisdiction under 28 U.S.C. § 1331 over negligence and negligence per se claims involving alleged ADA violations. LSM did not cite *Grodi*, but the reasoning employed in its response somewhat tracks the reasoning employed by the court in that case. Again, *Grodi* does not control here and, in any event, is distinguishable from this case. Nevertheless, in light of *Grodi*, it cannot be said that LSM lacked an "objectively reasonable basis for seeking removal" or that its attempt to remove was not "fairly supportable." Therefore, an award of costs is inappropriate.

LSM filed a motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) along with its response to Briggs' motion. The Court cannot address the merits of this motion because it lacks subject matter jurisdiction over this case.

### III. CONCLUSION

For the reasons discussed above, the Court lacks subject matter jurisdiction. **IT IS HEREBY ORDERED** that Plaintiff's motion to remand (DN 7) is **GRANTED**; however, the portion of her motion requesting attorneys' fees and costs is **DENIED**. Defendant's motion to dismiss (DN 10) is **DENIED AS MOOT**. This case is **REMANDED** to Jefferson Circuit Court, and it shall be **STRICKEN** from the Court's active docket.

**Greg N. Stivers, Judge**
**United States District Court**
April 17, 2017

cc: counsel of record
Jefferson Circuit Court Clerk (16-CI-4208)